PRUETT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-089-CR

MARVIN JAMES PRUETT, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Marvin James Pruett, Jr. appeals the trial court’s denial of his motion for DNA testing.  In one issue, he complains that the trial court abused its discretion in denying his DNA motion because the only basis for denying the motion was appellant’s guilty plea.  We affirm.

In November of 1992, appellant’s seven year-old niece (complainant) gave an outcry that appellant had been sexually assaulting her for years.  There is no evidence that physical exams were performed on complainant because the outcry was not immediate.  Appellant pleaded guilty, pursuant to an open plea agreement, to aggravated assault of a child under 14 years of age, indecency with a child by contact, and indecency with a child by exposure.  The trial court accepted the plea and sentenced appellant to fifteen years for each count, to be served concurrently. 

On March 9, 2005, appellant filed a motion for DNA testing.  The trial court denied appellant’s motion and adopted the State’s findings of fact and conclusions of law on March 9, 2005, finding that no evidence exists in a condition making DNA testing possible. 

In reviewing a trial court’s decision on a motion for DNA testing, we employ a bifurcated standard of review.
(footnote: 2)  We defer to the trial court’s determination of issues of historical fact and issues that turn on credibility and demeanor, while we review de novo whether the trial court was required to grant a motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure.
(footnote: 3) 

A trial court is not required to grant a request for DNA testing unless the statutory preconditions are met.
(footnote: 4)  Under article 64.03(a), the trial court was required to grant appellant’s motion for DNA testing only if the court found, among other things, that evidence still existed and was in a condition making DNA testing possible.
(footnote: 5)  In this case, Julie Bain, the Mansfield Police Department’s property custodian, signed an affidavit stating that the police department had never been in possession of any biological evidence relating to this case.  Because appellant did not meet his burden of establishing that evidence existed in a condition making DNA testing possible, we overrule his issue.  

Additionally, although appellant argues that the trial court improperly considered his guilty plea when it denied the motion, the trial court’s findings demonstrate that the trial court considered only that (1) the Mansfield Police Department never had biological evidence, (2) complainant did not make an immediate outcry, and (3) there is no evidence that a physical exam or sexual assault kit was performed on complainant.  Ultimately, the trial court denied appellant’s motion because “[n]o evidence exists.”  The trial court made no findings of fact or conclusions of law regarding appellant’s guilty plea.  Further, appellant has failed to show how the trial court considered his guilty plea when denying his motion.  

Accordingly, we affirm the trial court’s judgment. 

PER CURIAM

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 12, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).

3:
Whitaker v. State
, 160 S.W.3d 5, 8 (Tex. Crim. App.), 
cert. denied
, 125 S. Ct. 194 (2004);
 Rivera
, 89 S.W.3d at 59.

4:
Bell v. State
, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002). 

5:
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(1)(A)(i) (Vernon Supp. 2005).